**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF WINTER HAVEN, Plaintiff,**

v.

**Glenn N. SIEGEL and wife, Nancy R. Siegel, and Harold W. Rickard and wife, Kay Rickard, Defendants.**

**No. 81–949 Civ T K.**

United States District Court, M. D. Florida, Tampa Division.

Jan. 12, 1982.

———

Roy C. Summerlin, Summerlin, Connor & Braisted, Winter Haven, Fla., for plaintiff.

Stephen C. Watson, Hahn, Breathitt, Roberts & Watson, P. A., Phillip O. Allen, DeVane, Musson & Allen, Lakeland, Fla., for defendants.

## ORDER

KRENTZMAN, Chief Judge.

The Court has for consideration defendants' motion to dismiss, for lack of subject matter jurisdiction.

As defendants suggest, the remedies sought by plaintiff indicate that this is a "plain vanilla" nondiversity suit for foreclosure of a mortgage. While the complaint is entitled "Complaint for Declaratory Judgment" and seeks to allege a case or controversy as to interpretation and application of the laws of the United States of America, over which this Court might have jurisdiction, it is clear that there is no controversy as to either. As suggested in *Florida Federal Savings & Loan Ass'n. v. Bauer*, 515 F.Supp. 869 (M.D.Fla.1981) and the well-reasoned opinion in *First Federal Savings & Loan Ass'n. of Englewood v. Lockwood*, 385 So.2d 156 (2d DCA Fla.1980), the controversy is not over the interpretation of or application of any law or regulation or any question of preemption of federal law but the simple question as to whether a state court has authority to withhold the remedy of enforcement in the exercise of its equitable jurisdiction. Obviously it does. If those seeking to *enforce* foreclosure mortgages for breach of "due on sale" clauses think otherwise, they may appeal adverse state decisions to the Supreme Court of the United States if necessary. Significantly, there was no appeal from the decision in *Englewood, supra.*

Thus, the label "complaint for declaratory judgment" does not make "two cents" worth of difference and this remains "[for] [without] two cents [difference]" a "plain vanilla" mortgage foreclosure over which the Court does not have subject matter jurisdiction. The motion is GRANTED and the Clerk is directed to DISMISS this suit with prejudice.